IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-49-1H

UNITED STATES OF AMERICA,)
)
v. )
) **ORDER**
TYRONE ROGERS, )
)
Defendant. )

This matter is before the court on defendant's motion for compassionate release [DE #97]. Counsel was appointed under the Standing Order, 19-SO-3, and counsel filed a memorandum in support on his behalf [DE #100]. Counsel also filed an emergency motion to expedite the government's response, which was denied by the undersigned. The government has responded in opposition [DE #103], and this matter is ripe for adjudication.

On January 11, 2016, defendant pled guilty, pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute a quantity of phencyclidine ("PCP") and a quantity of cocaine base ("crack") from 2005 to February 10, 2015 in violation of 21 U.S.C. §§ 846 and 841(a)(1). The PSR determined defendant to have a total offense level of 41, and a criminal history category of II, and a guideline range of 240

months (the statutory max).  At sentencing, the court found the guideline range to be lower and sentenced defendant to a term of 108 months imprisonment.

Defendant is 56 years old and has a projected release date of November 29, 2022.  He has served approximately 75 months of his 108-month sentence.  Defendant suffers from prostate cancer, hypertension, and glaucoma, and he contends conditions put him at a higher risk of suffering severe illness from the COVID-19 virus.

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"). That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1)  in any case—

(A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)  extraordinary and compelling reasons warrant such a reduction ...

and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

The government agrees that defendant has met the exhaustion requirement. The court can consider defendant's motion because "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of

3

such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant was diagnosed with prostate cancer on November 18, 2020. He does have other underlying conditions which raise his risk of serious illness from COVID. However, his conditions are currently managed at BOP. Even assuming defendant's underlying health conditions constitute an extraordinary and compelling reason for a reduced sentence, the court finds the 3553(a) factors weigh against granting compassionate release. Defendant's drug dealing activities spanned a large number of years, from the time he was 24 years old until he was incarcerated in the instant matter. He regularly carried a firearm during these activities. Since being in custody, defendant has been sanctioned for being found with a cell phone battery and more recently for phone abuse. The court finds defendant's current sentence to be necessary as a deterrent for future criminal conduct, to provide just punishment, to reflect the seriousness of the crimes, and to protect the public.

Therefore, the compassionate release motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release [DE #97] is DENIED.

This 29th day of April 2021.

*[signature]*
_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26